United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.H.,<br><br>            Plaintiff,<br><br>    v.<br><br>ANTHEM BLUE CROSS,<br><br>            Defendant. | Case No. 22-cv-07660-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 47 |

Pending before the Court is Defendant Anthem Blue Cross's motion to dismiss. Dkt. No. 47. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

**I.    BACKGROUND**

Plaintiff A.H. initially filed this action individually and on behalf of B.H., a minor, in the District of Utah. *See* Dkt. No. 2 ("Compl."). The case was transferred in December 2022, Dkt. No. 27, at which point Defendant filed a renewed motion to dismiss, Dkt. No. 47.

Plaintiff alleges that Defendant wrongly denied coverage under a health benefits plan for treatment that B.H. received at blueFire Wilderness Therapy in Idaho from June to September 2020. *See* Compl. at ¶¶ 4–5. According to the complaint, blueFire "provides sub-acute inpatient treatment to adolescents with mental health, behavioral, and/or substance abuse problems." *Id.* at ¶ 4. Plaintiff asserts that B.H.'s treatment at blueFire should have been covered under the plan because it "was medically necessary, was appropriate for the treatment of his conditions, was not more costly than an alternative service, and was rendered in accordance with generally accepted standards of medical practice." *See id.* at ¶ 18.

1    Based on these facts, Plaintiff brings causes of action under the Employee Retirement
2 Income Security Act ("ERISA") for violating the terms of the plan, and under the Mental Health
3 Parity and Addiction Equity Act ("Parity Act"). *See id.* at ¶¶ 28–56. Defendant moves to dismiss
4 the complaint in its entirety. Dkt. No. 47.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.   DISCUSSION

Defendant argues that the plan does not provide benefits for wilderness programs like blueFire, so Plaintiff's ERISA claim fails. *See* Dkt. No. 47-1 at 4–7. Defendant further argues that because the restriction on wilderness programs applies to all treatment—both medical and behavioral—Plaintiff's Parity Act claim similarly fails. *Id.* at 8–15.

### A.   ERISA

Defendant argues that Plaintiff's ERISA claim should be dismissed because the complaint

2

does not adequately allege that Plaintiff is entitled to benefits for B.H.'s treatment at blueFire under the terms of the plan. Dkt. No. 47-1 at 5–7.

As an initial matter, the parties do not appear to dispute the relevant terms of the plan.[1] Plaintiff acknowledges that by its terms, the plan "exclude[s] payment for 'wilderness camps.'" *See* Compl. at ¶¶ 19, 43; *see also* Dkt. No. 47-5, Ex. 1 ("Anthem Plan") at 116.[2] In a section titled "What's Not Covered," the plan lists:

> **Residential accommodations** to treat medical or behavioral health conditions, *except when provided in a Hospital, Hospice, Skilled Nursing Facility, or Residential Treatment Center*. This Exclusion includes procedures, equipment, services, supplies or charges for the following:
>
> a. Domiciliary care provided in a residential institution, treatment center, halfway house, or school because a Member's own home arrangements are not available or are unsuitable, and consisting chiefly of room and board, even if therapy is included.
>
> b. Care provided or billed by a hotel, health resort, convalescent home, rest home, nursing home or other extended care facility home for the aged, infirmary, school infirmary, institution providing education in special environments, supervised living or halfway house, or any similar facility or institution.
>
> c. Services or care provided or billed by a school, Custodial Care center for the developmentally disabled, or outward bound programs, even if psychotherapy is included.
>
> d. *Wilderness camps.*
>
> This exclusion does not apply to Medically Necessary treatment of Severe Mental Illness (SMI) of a person of any age or Serious Emotional Disturbances of a Child (SED) as required by state law.

Anthem Plan at 116 (emphasis added). Defendant points out that Plaintiff does not allege that blueFire is a hospital, hospice, skilled nursing facility, or residential treatment center.[3] Dkt. No.

---

[1] Defendant argues that the Court should consider the plan itself as incorporated by reference. *See* Dkt. No. 47-4. Plaintiff does not appear to object. The Court finds Defendant's request appropriate under the circumstances and **GRANTS** the request. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (finding incorporation by reference appropriate "if the plaintiff refers exclusively to the document or the document forms the basis of plaintiff's claim").

[2] For ease of reference, the Court refers to the PDF pagination for this exhibit.

[3] These terms are specifically defined in the plan. *See, e.g.*, Anthem Plan at 166, 171.

3

47-1 at 5–7. Rather, it is a wilderness camp, and therefore is explicitly excluded under the plan. *Id.* According to Defendant, Plaintiff's contention that it violated the terms of the plan is thus implausible even from the face of the complaint. *Id.*

In opposition, Plaintiff does not appear to argue that blueFire is a hospital, residential treatment center, or other covered facility. But instead, Plaintiff points out that by its terms, this exclusion does not apply "to Medically Necessary treatment of Severe Mental Illness (SMI) of a person of any age or Serious Emotional Disturbances of a Child (SED)." *See* Dkt. No. 50 at 4–6; *see also* Compl. at ¶ 18. Plaintiff alleges that treatment at blueFire was medically necessary and that B.H. met the qualifications for an emotionally disturbed child. *See* Compl. at ¶¶ 17–19. However, Plaintiff appears to selectively quote language from the plan. Under the plan, benefits are only provided for medically necessary treatment of an emotionally disturbed child if "state law" requires coverage. *See* Anthem Plan at 116 ("This exclusion does not apply to Medically Necessary treatment of Severe Mental Illness (SMI) of a person of any age or Serious Emotional Disturbances of a Child (SED) *as required by state law*.") (emphasis added).

Critically, Plaintiff does not identify what state law requires coverage for wilderness camps for the treatment of children with severe mental illness or serious emotional disturbances. In the complaint, Plaintiff concludes that "failing to provide coverage for B.H.'s medically necessary treatment" violated "the requirements of California state law." *See id.* at ¶ 35. But Plaintiff does not identify any California law in the complaint or the opposition that requires such coverage. Defendant should not have to speculate as to the nature of Plaintiff's claims. Plaintiff has not plausibly alleged that she is entitled to benefits under the plan, and the Court therefore **GRANTS** the motion to dismiss the ERISA claim.

### B. Parity Act

Defendant next argues that Plaintiff has failed to allege sufficient facts to support her Parity Act claim. Dkt. No. 47-1 at 8–14. The Federal Parity Act "require[s] that health plans provide equal coverage for mental illnesses and physical illnesses." *Stone v. UnitedHealthcare Ins. Co.*, 979 F.3d 770, 771–72 (9th Cir. 2020) (citing 29 U.S.C. § 1185a(3)(A)). Accordingly, "benefits and treatment limitations for mental health problems shall be no more restrictive than

4

those for medical and surgical problems." *Id.* at 774 (quotation omitted).

Here, Plaintiff appears to acknowledge that at least on its face, the plan does not distinguish between treatment for mental health and treatment for medical or surgical problems. *See* Dkt. No. 50 at 11–12. The limitations on the covered residential accommodations—including the exclusion of wilderness camps—apply equally to "[r]esidential accommodations *to treat medical or behavioral health conditions*." *See* Anthem Plan at 116 (emphasis added). However, Plaintiff responds that she is bringing an as-applied challenge and that a disparity does in fact exist in the way Defendant applies these limitations in practice. *See* Dkt. No. 50 at 11–14. In support of this as-applied challenge, Plaintiff alleges:

- Despite the language of the plan, Defendant "applies its wilderness camp exclusion exclusively to substance use and mental health benefits . . . ." Compl. at ¶¶ 48.
- Unlike for mental health treatment, when Defendant "receive[s] claims for intermediate level treatment of medical and surgical conditions, [it] provide[s] benefits and pay[s] the claims as outlined in the terms of the Plan based on generally accepted standards of medical practice." *Id.* at ¶ 42.
- Defendant provides "more stringent or restrictive" medical necessity criteria for intermediate level mental health treatment benefits" than for "analogous intermediate levels of medical or surgical benefits." *See id.* at ¶ 40.
- Defendant also offers "[c]omparable benefits" for medical and surgical treatment to the excluded facilities such as "sub-acute inpatient treatment settings such as skilled nursing facilities, inpatient hospice care, and rehabilitation facilities." *See id.* at ¶ 41.

The Court finds that these allegations, when taken in the light most favorable to Plaintiff as they must be at this stage, are sufficient to state a Parity Act claim. Despite Defendant's urging, Plaintiff does not simply "state conceptually that [she was] treated worse than others." *See* Dkt. No. 51 at 6. Rather, she contends that Defendant has a policy of applying coverage limitations like the wilderness camp exclusion "exclusively" to mental health benefits. She also describes

5

ways in which Defendant applies more restrictive limitations for mental health benefits, such as through more stringent medical necessity criteria. Defendant obviously disputes that it in fact applies benefit limitations more strictly to mental health benefits than for medical or surgical benefits. *See, e.g.*, *id.* at 3–7. But the Court need not—and as a matter of law may not—resolve such disputes at this time. The Court therefore **DENIES** the motion to dismiss the Parity Act claim.

## IV. CONCLUSION

The Court **GRANTS** the motion to dismiss as to Plaintiff's ERISA claim and **DENIES** the motion as to Plaintiff's Parity Act claim. At this stage in the litigation, the Court cannot say that amendment would be futile. Plaintiff may therefore file an amended complaint within 21 days of the date of this order. This order terminates Dkt. No. 18.

The Court further **SETS** a case management conference on July 25, 2023, at 2:00 p.m. All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy. For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.

The Court further **DIRECTS** the parties to meet and confer and submit a revised joint case management statement by July 18, 2023. The parties should be prepared to discuss how to move this case forward efficiently.

**IT IS SO ORDERED.**

Dated:   6/5/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

6